

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DR:KM                                    *271 Cadman Plaza East*
F. #2022R00307                           *Brooklyn, New York 11201*

February 26, 2024

<u>By ECF</u>

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Shakeem Rankin
      <u>Criminal Docket No. 23-24 (MKB)</u>

Dear Chief Judge Brodie:

    The government respectfully submits this letter following the February 21, 2024 suppression hearing held in the above-captioned matter.  Specifically, the government writes in response to the Court's question whether, as the defendant argued at the hearing, the Court should consider the circumstances preceding the defendant's interview in determining if the defendant was in custody during the interview itself.

    The defendant cites two cases to support his argument that the circumstances preceding the interview are relevant to the totality of the circumstances analysis, which is an objective inquiry into how a reasonable person in the defendant's position would view the situation.  <u>See</u> ECF No. 17 at 14 (citing <u>United States v. Familetti</u>, 878 F.3d 53, 60-62 (2d Cir. 2017); <u>United States v. Faux</u>, 828 F.3d 130, 135-36 (2d Cir. 2016)).  However, neither of the cases cited by the defendant support his argument.  In both cases, the court concluded the suspect was not in custody absent other indicia of a formal arrest, even when as many as 15 law enforcement personnel executed the warrant while the suspect was interviewed by agents in a separate room.  <u>See</u> <u>Familetti</u>, 878 F.3d at 61-62 (concluding suspect not in custody while interviewed in his bedroom and rejecting his argument that "nine agents swarming his apartment was so inherently intimidating that no one would reasonably believe he was free to leave"); <u>Faux</u>, 828 F.3d at 138-39 (concluding suspect not in custody even when 15 agents "swarmed about her home" while suspect was interviewed for two hours in her dining room). In rejecting the argument that the total number of agents in the home—nine in <u>Familetti</u> and approximately 15 in <u>Faux</u>—rendered the suspect's questioning custodial, the <u>Familetti</u> and <u>Faux</u> courts focused on circumstances similar to those present here, including that the suspect

was in the familiar surroundings of his home, the suspect was told he was not under arrest, the suspect was not handcuffed or otherwise restrained, agents never drew their weapons during the interview, and the tone of the questioning was conversational.  See Familetti, 878 F.3d at 61-62; Faux, 828 F.3d at 138-39.

Similarly, here, as Special Agent Angela Tassone testified, the defendant was interviewed in a bedroom in his home for approximately 50 minutes and, during the interview—which was conversational in nature—the agents never displayed their weapons, and the defendant was never handcuffed or otherwise prevented from leaving.  In addition, the defendant was told on several occasions that he was free to leave and that he was not under arrest.  Special Agent Tassone also explained that while there were two instances in which the composition of people in the bedroom changed, at no point was an agent blocking the partially open doorway so as to impede the defendant's ability to leave.  In short, the defendant was not in custody at any point during the interview and search on March 16, 2022.

For the reasons set forth in the government's opposition to the defendant's motion to suppress (ECF No. 16), which is incorporated herein by reference, and as stated on the record at the hearing, the defendant's motion to suppress his statements and the evidence recovered from the search (ECF No. 15) should be denied.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/ Kate Mathews
Kate Mathews
Assistant U.S. Attorney
(718) 254-6402

cc:    Clerk of the Court (MKB) (by ECF)
Roger Archibald, Esq. (by ECF)